*John A. Fulton, for appellant.*

*Muir & Wickliffe, for appellees.*

---

## JOHN M. REID *v.* COOK & GREEN'S TRUSTEE.

### Partnerships—Lien on Property Sold.

Where a partnership sold all its property, both real and personal,
and retained no lien for the purchase-money, but the partnership pur-
chasing such property fully paid for it and held possession  for five
years or more, the creditors of the vendors cannot reach said prop-
erty, but it is subject to the claims of creditors of the vendees whose
debts were created long after their debtors took possession of said
property.

APPEAL FROM LINCOLN CIRCUIT COURT.

January 22, 1880.

OPINION BY JUDGE PRYOR:

It is evident from the proof in this case that Green, Hocker &
Co. sold all their partnership property to the firm of Cook & Green,
and that the sale was made in the best of faith.   The transaction took

place in the year 1872, and the firm of Green & Cook have been in the possession by themselves and tenants or asignees since that date. It also appears that the last named firm has paid all its indebtedness to Green, Hocker & Co., and no lien exists in any way by the latter on any part of the property. Under the agreement, if made, to pay the debts of the old firm, their liability would not be greater than the amount they consented to pay. The lien, or rather claim, of the partnership creditor on the partnership property is purely derivative, and when the partnership property is sold the lien of the creditor is gone. From the exhibit made it appears that no indebtedness exists, and, this real estate constituting a part of the partnership property, the failure to execute a deed or bond cannot affect the rights of the purchaser. It is not pretended that the creditor was without notice as to the change in the firm, and their possession from 1872 until 1877, a period of five years and more, under this parol purchase, gave them a perfect title.

This is a contest between the creditors of the last firm and those of the first. That a sale was made is not questioned, and no lien retained for the purchase-money. How can the agreement between these parties affect the rights of those who have credited this last firm, without notice of the lien, and when in fact none exists? The partners had the right to sell, and the sale, when made, passed to the purchaser a perfect title. The property bought became assets of the new firm, and the amount owing by the vendees assets of the old firm. If Green & Cook are indebted to the old firm the appellant can subject this amount to the payment of his debt, but as to the partnership property of the last firm no lien exists upon it, although the whole of it may have been purchased of another firm and the debt unpaid, or the agreement to pay the debts of the old firm violated.

We know of no law giving partners a lien on the sale of their property when if made by a single vendor no lien would exist. Here was a sale and delivery of all the property, the real estate constituting a part of the partnership effects, having been purchased and sold for partnership purposes, no lien of record, and it is now maintained that the party selling has a lien as against the creditors of the vendee or the last firm. A lien, to be effectual in such cases, must be of record, and without it the rights of third parties cannot be effected, nor would the law imply a lien against the vendee.

The personal judgment has not been disturbed or affected by the dismissal of the petition and discharge of the attachment.

Judgment below *affirmed.*

*Varnon & Welsh, A. Duvall, for appellant.*

*Hill & Alcorn, for appellee.*